# In the United States Court of Federal Claims

No. 10-757C
(Filed: May 29, 2014)

```
*************************************
GADSDEN INDUSTRIAL PARK, LLC,    *
                                 *
          Plaintiff,             *    Motion to Strike or Stay Action on EPA
                                 *    Information Request Letter; CERCLA;
v.                               *    APA; Exclusive Jurisdiction in Federal
                                 *    District Courts
THE UNITED STATES,               *
                                 *
          Defendant.             *
*************************************
```

Avrum Levicoff, Pittsburgh, PA, for plaintiff.

David A. Harrington, United States Department of Justice, Washington, DC, for defendant.

### ORDER DENYING MOTION TO STRIKE EPA INFORMATION REQUEST LETTER

**SWEENEY**, Judge

      Until recently, proceedings in the above-captioned case were stayed pending the parties' participation in the court's alternative dispute resolution ("ADR") program. An ADR conference was held on April 1, 2014, during which the parties concluded that settlement was not possible at that time. Accordingly, the stay of proceedings was lifted. In the meantime, on March 24, 2014, the United States Environmental Protection Agency ("EPA") sent a "General Notice/Information Request Letter" to plaintiff pertaining to the property at issue in this case–the Gulf States Steel Superfund Site. In that letter, the EPA notified plaintiff of its potential liability for costs incurred at the site pursuant to section 107(a) of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA"), and requested that plaintiff respond to the enclosed request for information pursuant to section 104(e) of CERCLA.

      Plaintiff now moves to strike the EPA's information request letter or, in the alternative, stay action on the EPA's request for information. Plaintiff argues that by issuing the letter, the EPA is attempting to "usurp[] the jurisdiction of this Court to manage matters that are in controversy in this case" and "preempt the orderly conduct of discovery." Mot. 3. Plaintiff further contends that there is no basis under section 104(e) of CERCLA for the EPA to issue the letter because the EPA has had, for the past twelve years, ready access to the information it seeks. Defendant opposes plaintiff's motion, arguing that the court lacks jurisdiction to entertain a challenge to an administrative request made pursuant to section 104(e) of CERCLA, and that the

existence of civil litigation does not remove a federal government agency's "statutory authority to request and obtain information." Resp. 1. Defendant is correct.

Without question, the United States Court of Federal Claims ("Court of Federal Claims"), like all other federal courts, has broad discretion to manage and control the litigation before it. See, e.g., Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962) (remarking on "the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); Amado v. Microsoft Corp., 517 F.3d 1353, 1358 (Fed. Cir. 2008) (noting that federal district courts "are afforded broad discretion to control and manage their dockets"); Univ. of W. Va. Bd. of Trs. v. VanVoorhies, 278 F.3d 1288, 1295 (Fed. Cir. 2002) ("This court defers to the judgment of the trial court on matters closely associated with the standard functions of the adjudicative process, as long as that judgment is not an abuse of the trial court's discretion."); Beatrice Foods Co. v. New Eng. Printing & Lithographing Co., 899 F.2d 1171, 1177 (Fed. Cir. 1990) ("A trial court has broad discretionary authority in managing the litigation before it . . . ."). This discretion, however, does not extend to issues beyond its jurisdiction.

Section 113 of CERCLA provides that federal district courts, except in limited circumstances not pertinent here, "have exclusive original jurisdiction over all controversies arising under" CERCLA. 42 U.S.C. § 9613(b) (2006); see also Tarrant v. United States, 71 Fed. Cl. 554, 556 (2006) ("The exceptions . . . pertain to review of EPA's actions in promulgating rules, respecting which review is assigned to the U.S. Court of Appeals for the D.C. Circuit, and to specifically enumerated actions under Sections 9606, 9607, and 9659 of CERCLA, as to which jurisdiction is variously assigned to district courts." (citation omitted)). The EPA sent its information request letter to plaintiff pursuant to section 104(e) of CERCLA, meaning that any dispute concerning the letter is a dispute that arises under CERCLA. Thus, under the plain language of CERCLA, plaintiff's challenge to the EPA's information request letter must be brought in a federal district court. See Tarrant, 71 Fed. Cl. at 556-57; Bassett, N.M. LLC v. United States, 55 Fed. Cl. 63, 68 (2002); Am. Lifestyle Homes, Inc. v. United States, 17 Cl. Ct. 711, 715 (1989); see also Ledford v. United States, 297 F.3d 1378, 1382 (Fed. Cir. 2002) (per curiam) (noting that the Court of Federal Claims is not a federal district court).

The court is also precluded from entertaining plaintiff's challenge to the EPA's information request letter because plaintiff's challenge falls within the confines of the Administrative Procedure Act ("APA"). The APA provides for judicial review of agency actions. 5 U.S.C. § 702 (2012). However, the Court of Federal Claims "lacks the general federal question jurisdiction of the district courts, which would allow it to review the agency's actions and grant relief pursuant to the [APA]." Crocker v. United States, 125 F.3d 1475, 1476 (Fed. Cir. 1997); accord Century Exploration New Orleans, LLC v. United States, 745 F.3d 1168, 1179-80 (Fed. Cir. 2014); Lion Raisins, Inc. v. United States, 416 F.3d 1356, 1370 n.11 (Fed. Cir. 2005).

Finally, plaintiff has cited no legal authority for the proposition that a civil suit brought in the Court of Federal Claims precludes the EPA from requesting information, outside of the civil suit, pursuant to CERCLA.

In sum, because the court lacks the authority to entertain plaintiff's challenge to the EPA's information request letter, plaintiff's motion is **DENIED**.

**IT IS SO ORDERED.**

s/ Margaret M. Sweeney
MARGARET M. SWEENEY
Judge
